IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Bradley Gerald Mullins, | ) | C/A No. 0:19-cv-03017-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| South Carolina Attorney General; Warden, | ) | |
| Keen Mountain Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report").

## PROCEDURAL BACKGROUND

Petitioner Bradley Gerald Mullins ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Respondents South Carolina Attorney General and Warden, Keen Mountain Correctional Institution ("Respondents") filed a return with a memorandum of law, ECF No. 17, and a motion for summary judgment, ECF No. 18. By order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [ECF No. 19]. Petitioner filed a response in opposition to the motion for summary judgment, and Respondents submitted a reply. [ECF Nos. 22, 23.]

On April 6, 2020, the Magistrate Judge issued a thorough Report, opining that this court should grant Respondents' motion for summary judgment and dismiss the petition. [ECF No. 24.] The Report sets forth in detail the relevant facts and standards of law on this matter, and this court

1

incorporates those facts and standards without a recitation. Attached to the Report was the notice of right to file objections. *Id.* Petitioner filed objections on April 24, 2020. [ECF No. 26.] The matter is ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to explain why it adopts the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Petitioner asserts eight objections to the Report. [ECF No. 26.] This court addresses each of the objections below.

Petitioner's first three objections relate to the Report's conclusion that *Martinez v. Ryan*, 566 U.S. 1 (2012) does not apply to excuse the procedural default of claims (1) and (3) in Ground One. Petitioner contends that trial counsel and PCR counsel were "responsible for defaulting" the claims, and the collateral review proceedings may establish cause for his procedural default. [ECF No. 26 at ¶ 1; *see also* ¶ 2 ("Once again, ineffective assistance of counsel constitutes cause for procedural default under *Martinez*."); ¶ 3 ("Trial counsel is merely responsible for defaulting this claim at the trial level.").] The court overrules the objections, finding that the Report correctly concludes that the limited qualification set out in *Martinez* does not excuse the procedural default.

*Martinez's* "equitable . . . qualification," 566 U.S. at 16, 17, "applies only to claims of 'ineffective assistance of counsel *at trial*' and only when, 'under state law,' those claims 'must be raised in an initial-review collateral proceeding.'" *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (citing *Martinez*, 566 U.S. at 9, 17) (emphasis added). In those situations where state law requires prisoners to raise claims of ineffective assistance of trial counsel "in an initial-review collateral proceeding," rather than on direct appeal, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial," if the default results from ineffective assistance of the counsel in the collateral proceeding. *Martinez*, 566 U.S. at 16, 17.

In this case, neither the Petition nor the objections allege ineffectiveness of Petitioner's counsel in the collateral proceeding. Despite Petitioner's conclusory contention in his first objection (that PCR counsel is responsible), this court is unable to locate any evidence showing ineffectiveness

4

of his PCR counsel. As outlined in the Report, *Martinez* does not extend to PCR appellate counsel and, as a result, the Report properly concluded that claims (1) and (3) are procedurally defaulted.

Petitioner's fourth objection relates to the Report's conclusion that Petitioner's claim pertaining to an improper jury instruction is not cognizable. [ECF No. 26 at ¶ 4.] According to Petitioner, the recommendation is erroneous because in this standard of review and again later in his Petition, he alleges that "the issues presented . . . are contrary to or involved an unreasonable determination of the facts, as well as an unreasonable application of clearly established federal law, as determined by the United States Supreme Court." *Id.* Despite Petitioner's claim, however, merely saying federal law is implicated is not enough. *See Estelle v. McGuire*, 502 U.S. 62, 71– 72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."). Petitioner must identify how the jury instruction implicates federal law, *i.e.*, that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1977)). He failed to do so and, therefore, the objection is overruled.

In his fifth objection, Petitioner argues that the Report erroneously concluded that Ground Four is procedurally defaulted. [ECF No. 26 at ¶ 5.] He argues that his trial counsel was ineffective in failing to adequately investigate his co-defendants and it is that ineffectiveness that serves as "cause" to excuse the procedural default. *Id.*; *see also id.* ("Trial counsel also defaulted this claim that should have been raised at the trial level, therefore once again, ineffective assistance of . . . counsel constitutes sufficient cause for default."). The court disagrees.

In order for ineffective assistance of trial counsel to constitute "cause" for Petitioner's procedural default of the underlying claim in Ground Four, he must have pursued an ineffective assistance of counsel claim on this same basis in state court. "Ineffective assistance of counsel

5

will serve as an excuse for procedural default *only when* the ineffective assistance of counsel claim has been *independently raised and properly preserved* in state court." *Bradley v. Stevenson*, No. 9:15-cv-2741, 2016 WL 5030397, at *14 n.20 (D.S.C. Apr. 12, 2016) (emphasis added), *report and recommendation adopted* 2016 WL 4993409 (D.S.C. Sept. 19, 2017) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). As noted in the Report, Petitioner failed to raise this question with the PCR court; thus, it is not "independently raised and properly preserved."[1] The objection is overruled.

In Petitioner's sixth objection, he contends that the Magistrate Judge "misconstrues [his] claim that Trial Counsel was ineffective for failure to object to prosecutorial misconduct." [ECF No. 26 at ¶ 6.] According to Petitioner, he raised this claim of ineffective assistance of trial counsel solely to establish "cause" for the procedural default. *See id.* While the argument is less than clear, it seems Petitioner is arguing that claim (4) of Ground One is asserted as "cause" for the procedural default of claims (1) and (3).[2] As outlined above with respect to Petitioner's fifth objection, this

---

[1] If Petitioner argued that his PCR counsel was ineffective for failing to raise the ineffectiveness of his trial counsel, the court would circle back to the *Martinez* analysis. While Petitioner failed to raise *Martinez* as a basis to excuse the procedural default, the court briefly considers it out of an abundance of caution. Having considered the record before it, the court finds that Petitioner fails to meet his burden of showing that the claim of ineffective assistance of trial counsel was a substantial one or that PCR counsel was ineffective during the state collateral review proceeding. Therefore, even if Petitioner argued *Martinez* excused the procedural default of Ground Four, he did not meet his burden in that regard.

[2] Ground One alleges that trial counsel was ineffective for four reasons:

> failure to (1) argue or request a jury charge on the defense of mistake of fact at the time of trial; (2) argue or request a firearms familiar with Latent Print Crime Scene to refut[e] the State Firearms expert from an opposing point of view; (3) provide an alibi notice or alibi defense as required; and (4) failure to object to prosecutorial misconduct . . . .

[ECF No. 1-1, at p.3.] Each of the numbered sentences are referred to as "claims" in the Report. This Order follows suit. Claim (1) is failure to argue or request a jury charge on mistake of fact,

claim of ineffective assistance of counsel cannot excuse the procedural default unless it was "independently raised and preserved." *Bradley*, 2016 WL 5030397, at *14 n.20. In this case, the court cannot conclude that the claim was properly pursued and exhausted in state court. The Report notes—and this court agrees—that while the PCR court addressed claims of ineffective assistance of counsel related to prosecutorial misconduct, it "is unclear which, if any, of these claims Petitioner might be raising in claim (4) of Ground One." [ECF No. 24 at p.20, n.4.] For his reason, the objection fails.

Moreover, even if the court construes claim (4) of Ground One as stating a claim addressed by the PCR court, such that it is not defaulted, Petitioner's objection still fails. Before Petitioner can proceed on the defaulted claims, he must establish that (1) his trial counsel was ineffective and (2) that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Having considered Petitioner's objection, as well as the record before the court, this court finds that Petitioner fails to allege, let alone establish, either element. *See also Stanley v. Whorton*, No. 3:06-cv-00126, 2009 WL 873958, at *9–*10 (D. Nev. Mar. 26, 2009) (finding "Petitioner has not met the standard for a showing of ineffective assistance of trial counsel as cause for procedural default" where he failed to show that trial counsel was ineffective); *Jones v. Hobbs*, No. 5:12-cv-00019, 2012 WL 1378767, at *6–*7 (E.D. Ark. Mar. 29, 2012) (finding ineffective assistance of counsel did not serve as cause for procedural default where the petitioner failed to show prejudice). As a result, the objection fails for this additional reason.

---

claim (2) relates to the firearms expert, claim (3) relates to alibi notice, and claim (4) is prosecutorial misconduct.

Petitioner's seventh objection asks this court to create a "new rule of constitutional law" to extend *Martinez* to "Appellate (PCR) Counsel." [ECF No. 26 at ¶ 7.] The court cannot accept Petitioner's request.

In the *Martinez* decision, the United States Supreme Court was clear that its holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." 566 U.S. at 16. Then, in *Davila v. Davis*, 137 S. Ct. 2058 (2017), the Supreme Court expressly declined to extend its holding in *Martinez*. And, since *Martinez*, this District has consistently held that ineffective assistance of PCR appellate counsel is not cause for default. *See, e.g., Monroe v. Cartledge*, No. 6:14-cv-03565, 2015 WL 5092655, at *4 (D.S.C. Aug. 26, 2015) ("[T]he Magistrate Judge is correct that the *Martinez* exception does not extend to PCR appellate counsel."); *Crowe v. Cartledge*, No. 9:13-cv-2391, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11-cv-02874, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez,* however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). For these reasons, Petitioner's seventh objection is overruled.

Petitioner's eighth and final objection states that the Magistrate Judge "erroneously determined that the state court factual findings are presumed correct and petitioner has the burden of rebutting this presumption by clear and convincing evidence." [ECF No. 26 at ¶ 8.] This language is taken directly from 28 U.S.C. § 2254(e)(1). Thus, the Report applied the correct standard, and Petitioner's objection necessarily fails.

**CONCLUSION**

For the reasons set forth above, the Report [ECF No. 24] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that Respondents' motion for summary judgment [ECF No. 18] is **GRANTED** in its **ENTIRETY**, and the Petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

June 18, 2020
Florence, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."